**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 17-cv-00713-MSK-MJW

**CIRCLE GRAPHICS HOLDINGS, INC.,**

   Plaintiff,

v.

**JASON A. MURPHY, and
SCREAMING IMAGES, LLC,**

   Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING
ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's ("Circle") Motion for Temporary Restraining Order and Preliminary Injunction **(# 2)**.

The Complaint **(# 1)** alleges that Mr. Murphy was employed by Circle as an Account Executive, responsible for sales of Circle's digital-printed products. Pursuant to that employment, Mr. Murphy signed a Non-Compete Agreement ("the Agreement") that provided that, for a one-year period following the end of his employment with Circle, he would not engage in the business of custom digital printing as a manager or employee and would not solicit any of Circle's customers. Mr. Murphy left Circle's employment on January 24, 2017. Shortly thereafter, Circle learned that Mr. Murphy had accepted employment with Defendant Screaming Images, LLC ("SI"), a competitor of Circle's in the digital printing business. Circle alleges that, on behalf of SI, Mr. Murphy has been soliciting Circle's customers to instead do business with SI, and that SI has secured several contracts from Circle's established customers.

1

Based on these allegations, Circle asserts several common-law claims, all apparently arising under Colorado law: (i) breach of contract against Mr. Murphy; (ii) "nondisclosure/concealment" as against Mr. Murphy, apparently arising from Mr. Murphy's failure to disclose his intention to leave Circle and join SI and his failure to disclose his full involvement with SI upon Circle's request in February 2017; (iii) tortious interference with prospective business advantage against both Mr. Murphy and SI; (iv) tortious interference with contract against SI, in that it employed Mr. Murphy and availed itself of his services despite knowing that such services were in violation of the Agreement; (v) negligent supervision against SI, in that it "had duties to give proper instructions to [Mr. Murphy] to ensure that [he] did not pose a risk of harm to Circle" but failed to do so; (vi) a claim for "aiding and abetting" against SI, in that it "knowingly participated and substantially assisted in the tortious conduct by [Mr.] Murphy"; (vii) a claim for "vicarious liability" against SI, in that it is "vicariously liable for all acts alleged against [Mr.] Murphy" because he was acting as SI's agent or employee at the relevant times; and (viii) unjust enrichment against both Defendants.[1]

Simultaneously with its Complaint, Circle filed a Motion for Temporary Restraining Order and Preliminary Injunction **(# 2)**. Relying on essentially the facts described above, Circle requests that the Court enjoin Mr. Murphy from working for SI or any other competitor of Circle in violation of the Agreement and from soliciting Circle's customers in violation of the Agreement.

---

[1] Several of Circle's causes of action seem ill-fit to the facts or are legally doubtful, and the Court strongly suggests that Circle consider amending or dismissing its claims for "nondisclosure/concealment," "negligent supervision, "aiding and abetting" (which is probably better characterized as a claim for civil conspiracy), "vicarious liability" (which is not a freestanding tort), and unjust enrichment (which is an equitable claim that only lies in the absence of contractual obligations and is thus inconsistent with Circle's breach of contract claim).

To obtain an *ex parte* Temporary Restraining Order under Rule 65(b), Circle must: (i) demonstrate, by affidavit or verified complaint, that she will suffer immediate and irreparable injury before Mr. Murphy and SI could be heard in opposition to the motion; and (ii) provide a certification from its counsel identifying any efforts that Circle has made to give notice of the motion to the Defendants and the reasons why such notice should not be required. Fed. R. Civ. P. 65(b)(1)(A),(B). In addition, regardless of whether the Court is considering a Temporary Restraining Order or Preliminary Injunction, Circle must make a sufficient showing that: (i) it is likely to succeed on the merits of its claims; (ii) that it will suffer irreparable harm if the injunction is not granted; (iii) a showing that the balance of equities favors it; and (iv) that the requested injunction is not adverse to the public interest. *See Taxsalelists.com, LLC v. Rainer*, 2009 WL 4884273 (D.Colo. Dec. 11, 2009 ) (unpublished); *Kansas Judicial Watch v. Stout*, 653 F.3d 1230, 1233 n. 2 (10th Cir. 2011).

The Court denies Circle's request for an *ex parte* Temporary Restraining Order for two reasons. First, although it has tendered the affidavit of Robert Styacich attesting to the operative facts in the Complaint, thus satisfying Rule 65(b)(1)(A), it has not tendered the affidavit of counsel required by Rule 65(b)(1)(B). Second, the Court cannot say, on the record herein, that Circle has demonstrated that it is likely to suffer irreparable harm before the Defendants could be heard in opposition to this motion. Circle alleges that SI was able to secure contracts from Circle's customers in February and "early March" 2017, and asserts in somewhat vague and conclusory terms that Mr. Murphy continues to work for and solicit Circle's customers on behalf of SI. But such allegations are purely historical. Circle offers no facts that suggest that such solicitations are likely to continue to occur within the next few weeks, much less that such solicitations occurring during that time frame are likely to cause additional harm to Circle in the

form of lost customer goodwill or other non-monetary losses. Accordingly, the Court denies Circle's request for *ex parte* injunctive relief pursuant to Rule 65(b).

On a more robust evidentiary record, such as that which may be developed in an evidentiary preliminary injunction hearing, Circle might be able to cure that deficiency. Accordingly, the Court will conduct a non-evidentiary law and motion hearing on **Wednesday, April 5, 2017** at **10:30 a.m.** to address: (i) whether there are factual disputes between the parties that must be resolved for purposes of deciding Circle's motion for a preliminary injunction under Rule 65(a); and (ii) if so, when an evidentiary hearing can be scheduled to present those disputes. To ensure that the Defendants have adequate opportunity to prepare for that hearing, the Court directs that Circle effectuate service of the Summons, Complaint, its Motion for Preliminary Injunction, and this Order on both Defendants on or before **March 28, 2017**. The Defendants shall file a response to the Motion for Preliminary Injunction on or before **April 3, 2017**.

Dated this 22d day of March, 2017.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge